UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

BEVERLY ADKINS

       Debtor,　　　　　　　　　　　　　　Case No. 05-72720
　　　　　　　　　　　　　　　　　　　　　　　　　HON.  GEORGE CARAM STEEH
_____/

PATRICIA MARSHALL,

       Appellant,
　　　　　　　　　　　　　　　　　　　　　　　　　Bankruptcy Case No.  04-52504
vs.　　　　　　　　　　　　　　　　　　　　　　　Adversary Proceeding 04-4787

BEVERLY ADKINS,

       Appellee.
_____/

ORDER DENYING APPEAL FROM BANKRUPTCY COURT OPINION REGARDING
PLAINTIFF'S CLAIM FOR ATTORNEY FEES AND JUDGMENT OF JULY 1, 2005

This is an appeal from an Order of the Eastern District of Michigan Bankruptcy Court, which denied appellant's claim for attorney fees under the Michigan Consumer Protection Act.  For the reasons that follow, this Court affirms the decision of the Bankruptcy Court.

STATEMENT OF FACTS

Appellant commenced the adversary proceeding in this case by filing a Complaint against appellee seeking to except a debt from discharge under sections 523(a)(2) and 523(a)(6) of the Bankruptcy Code.  At trial, the Bankruptcy Court held that the principal debt was excepted from discharge in the bankruptcy case pursuant to 523(a)(2) of the Bankruptcy Code, and authorized appellant to submit a statement of attorney fees.

1

Appellant claimed attorney fees of $13,236.25, plus disbursements of $329.40, pursuant to the Michigan Consumer Protection Act.  After the issue of attorney fees was briefed, the Bankruptcy Court concluded that appellant waived her claim for attorney fees because such claim was "neither alleged in the complaint nor specifically asserted in the joint final pre-trial order . . . ."  (Opinion, July 1, 2005, p.1).

## STANDARD OF REVIEW

The District Court reviews the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo.* Rembert v. AT & T Univ. Card Serv. (In re Rembert), 141 F.3d 277, 280 (6th Cir. 1998).

## ANALYSIS

It is undisputed that appellant did not plead a claim for attorney fees under the Michigan Consumer Protection Act in the Complaint or the Final Pretrial Order.  In the Complaint attorney fees were requested in the prayer for the relief following each of the two counts seeking non-dischargeability under the Bankruptcy Code.   In the Final Pretrial Order, appellant's damages sought included attorney fees, without citation to any authority for such an award.  Appellant's trial brief included, for the first time, a discussion of attorney fees under the Michigan Consumer Protection Act, M.C.L. §445.901 *et seq.*

While appellant generally listed attorney fees as damages in her pleadings, she did not specifically give notice of her intent to recover statutory attorney fees under the Michigan Consumer Protection Act until the filing of her trial brief.  The Michigan Court Rules do not permit relief not demanded in the pleadings, and the trial brief is not a pleading.  See,  MCR 2.110(A) and MCR 2.601(A).

The Michigan Consumer Protection Act allows a person who suffers a loss as a result of its violation to bring an action to recover reasonable attorney fees. Smolen v. Dahlmann Apartments, Ltd., 186 Mich. App. 292 (1990). In this case there was never a determination that appellee violated the Michigan Consumer Protection Act because such cause of action was never pled. Without a finding of liability under the statute, appellant is not entitled to recover statutory attorney fees.

The Bankruptcy Court's denial of attorney fees under the circumstances of this case was proper. Appellant's appeal from the order of the United States Bankruptcy Court for the Eastern District of Michigan is DENIED.

                                      s/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

Dated: February 7, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on February 7, 2006, by electronic and/or ordinary mail.

                                      s/Josephine Chaffee
                                      Secretary/Deputy Clerk